# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-05032-06-CR-SW-MDH |
| ) | |
| CARLA JO WARD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 392). The Government filed Suggestions in Opposition. (Doc. 398). The Defendant has failed to reply and the time to do so has elapsed. This matter is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

Defendant was sentenced to 120 months' imprisonment following a guilty plea for conspiracy to commit kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (c), and felon in possession of a firearm, aiding and abetting in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924(a)(2). Defendant's Motion for Compassionate Release contends that extraordinary and compelling reasons exist because of medical circumstances and alleged violations of the ADA and her Eighth Amendment rights. (Doc. 392). The Government argues that Defendant's motion should be denied because she has not demonstrated extraordinary and compelling reasons justifying a reduction and the § 3553(a) factors do not support early the Defendant's early release. (Doc. 398).

Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not respond to his reduction in sentence request within 30 days. 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment once it has been imposed otherwise. *Id*. For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

I.     **Medical Circumstances**

Defendant argues that she suffers from a chronic condition known as famial spastic paraparesis, a form of cerebral palsy which causes her to be dependent on medical devices for mobility. Defendant states that she has been incarcerated at Federal Correctional Institute ("FCI") Tallahassee which she alleges is not complaint with the Americans with Disability Act ("ADA") and fails to meet her medical requirements. Defendant asserts that she has been denied access to basic medical, dental, and other necessary health services including: dental care for a lost filling resulting in ongoing severe pain and suffering since December 2024; eye care as Defendant argues she has not been able to see due to the need for glasses; denial of needed physical and occupational therapy for her disability due to lack of funding; and not being able to access religious services and programming as they are all located on upper floors which Defendant states are inaccessible to her.

The Government argues that Defendant does not detail what medical needs the Bureau of Prisons ("BOP") is failing to provide. The Government argues that Defendant indicated that she

2

needed eyeglasses, a mammogram, and dental care, and that the BOP records show that she was fitted for eyeglasses on January 21, 2026, she received a mammogram on December 1, 2025, and that Defendant is on callout to fix a broken filing. The Government further argues that Defendant has not provided medical documentation that the BOP is unable to timely treat her medical conditions, nor has she provided evidence that she has pursued the BOP administrative process for requesting specific medical care. Further, the Government argues that Defendant has lived with cerebral palsy since birth and has not presented any evidence establishing an inability to provide self-care. Lastly, the Government argues that without any medical evidence corroborating Defendant's assertions that she is unable to provide self-care or perform daily activities or that she is suffering from a medical condition that requires long-term or specialized medical care that the BOP is unable to provide, Defendant has made an inadequate showing of an extraordinary and compelling reasons supporting a sentence reduction.

> An extraordinary and compelling reason exists if:
>
> The defendant is --
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(1)(B). Additionally, an extraordinary and compelling reason exists if "the defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and

without which the defendant is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(C).

The Court finds that Defendant has failed to show that her medical condition, cerebral palsy, has substantially diminished her ability to provide self-care within the environment of a correctional facility and from which she is not expected to recover. Nor has Defendant shown her medical condition requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. The Defendant has provided a Prisoner in Transit Medical Summary showing her having a diagnosis of cerebral palsy. (Doc. 392-4, page 17). However, Defendant has failed to show that her cerebral palsy substantially diminishes her ability to provide self-care. The Defendant has failed to submit documentation evidencing denial of physical and occupational therapy for her disability. Additionally, while Defendant alleges that her cerebral palsy has restricted her from upper floors within FCI Tallahassee and has made obtaining dental and vision care more burdensome, her allegations do not rise to the level that would be required for compassionate release.[1] For the reasons stated, Defendant has failed to show and extraordinary and compelling reason exists for compassionate release pursuant to U.S.S.G § 1B1.13(b)(1)(B) or (C).

## II.    Other Reasons

The Defendant argues she is a disabled inmate who uses assistive devices, wheelchair for mobility. Defendant argues that FCI Tallahassee cannot meet her medical and disability needs; is not ADA complaint; and lacks necessary accommodations. Defendant alleges that as a result, she is suffering, has been injured and that her health and safety is at risk. Defendant asserts that the conditions at FCI Tallahassee violates her Eighth Amendment right by subjecting her to unsafe,

---

[1] If Defendant is arguing that her disability stemming from her vision or her teeth, those equally fail as those conditions would not rise to the level of a serious physical or functional impairment for the purpose of U.S.S.G. § 1B1.13(b)(1)(B) or (C).

unhealth, and unlawful confinement. The Government argues that Defendant's claims are better suited in a separate civil action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Government argues that the appropriate remedy is not compassionate release, but for Defendant to pursue a separate civil action.

An extraordinary and compelling reason exists if the "defendant presents any other circumstance or combination of circumstance that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

The Court agrees with the Government that an alleged violation of the Eighth Amendment is best brought as a separate civil action rather than in a motion for compassionate release.[2] U.S.S.G. § 1B1.13(b)(5) was not enacted to make allegations on issues that rightfully deserve an opportunity for discovery and the process afforded in the course of litigation but for those extraordinary circumstances similar to the medical circumstances, age, family circumstances of the defendant, and if the defendant was a victim of abuse while in custody. The Defendant's allegations within this motion do not qualify as similar in gravity as to those that would qualify as extraordinary and compelling reasons that warrant reduction. For the reasons stated, the Defendant has failed to show an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(5).

## CONCLUSION

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release.

---

[2] The Defendant has also submitted documentation showing that she has been in contact with a law firm regarding her claims under the Rehabilitation Act of 1973. (Doc. 392-4, pages 12-13). This is evident that the Defendant is aware of the possible need for a civil suit and may have legal representation regarding that issue.

**IT IS SO ORDERED**.

DATED: March 4, 2026 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**